IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

Felice Howard
Plaintiff, :

vs. : Civil Action No. 21-cv-275-KD-B

Mobile County Public Schools
Defendant(s) :

FILED JUN 11 '21 PM 4:25 USDCALS

**COMPLAINT**

1. Plaintiff resides at 1145 Cameron Drive, Mobile, AL 36695
2. Name(s) of defendant(s) Mobile County Public Schools
3. Location of principal office(s) of the named defendant(s) 1 Magnum Pass Mobile, AL 36618
4. Nature of business of defendant(s) Mobile County Public School System
5. Approximate number of individuals employed by defendant(s) 7500
6. The acts complained of in this suit concern:

(A) _____ Failure to employ me.

(B) _____ Termination of my employment.

(C) ✓ Failure to promote me.

(D) _____ Other acts as specified below: Retaliation and discrimination

7. Plaintiff is:

(A) ✓ Presently employed by the defendant.

(B) _____ Not presently employed by the defendant.

The dates of employment were ______________________________

(1) _____ Plaintiff was discharged.

(2) _____ Plaintiff was laid off.

(3) _____ Plaintiff left the job voluntarily.

8. Defendant(s) discriminated against me on account of my:

(A) ✓ Race _____ Sex

✓ Color _____ National Origin

_____ Religion

Therefore, I am bringing this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, specifically, 42 U.S.C. § 2000e-5.

(B) _____ Physical disability

_____ Mental disability

Therefore, I am bringing this action pursuant to the American with Disabilities Act, specifically, 42 U.S.C. § 12117.

(C) _____ Age

Therefore, I am bringing this action pursuant to the Age Discrimination in Employment Act of 1967, specifically, 29 U.S.C. § 626.

9. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are) Larry Mouton, white male, Assistant Superintendent Work Force Development

10. The alleged discrimination occurred on or about July 2019

11. The nature of my complaint, i.e., the manner in which the individual(s) named above

discriminated against me in terms of the conditions of my employment, is as follows: Felice Howard was qualified for supervisor position and was not selected because of her race and because she filed a Prior EEOC Charge of discrimination (pre selection played a factor as well)

12. The alleged illegal activity took place at Mobile County Public Schools (Interview)

13. I filed charges with the Equal Employment Opportunity Commission regarding alleged discriminatory conduct by defendant(s) on or about August 2019

I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on March 15, 2021

14. I seek the following relief:

(A) ✓ Recovery of back pay.

(B) _____ Reinstatement to my former job, and any other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Date: 6-11-21

Felice Howard
Signature of Plaintiff

1145 Cameron Dr.
Mobile, AL 36695
Address of Plaintiff

(256) 634-2451 / 251 463-3199
Telephone Number of Plaintiff



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Mobile Local Office**

EEOC Charge Number: **425-2019-01235**

Felice Howard
1145 Cameron Drive
Mobile, AL 36695

**Charging Party**

Mobile County Public Schools
c/o Bryan Hack
Executive Manager, Human Resources
1 Magnum Pass
Mobile, AL 36618

**Respondent**

**LETTER OF DETERMINATION**

Under the authority vested in me by the Commission, I issue the following determination on the merits of this Charge filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

The Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended and all jurisdictional requirements have been met.

The Charging Party alleged that the Respondent failed to promote her to the position of Director (Center for Advanced Technology) or Supervisor (Career Technical Education) because of her race (Black), sex, and in retaliation for filing a prior EEOC Charge of Discrimination and subsequent civil rights lawsuit.

The Respondent denies the allegations and declared that the Charging Party was not subjected to retaliation or discrimination and that she was treated the same as every other employee and applicant. According to the Respondent, the selection criteria was based upon the successful candidate's experience, knowledge, and interview performance. The Respondent contends the Charging Party was not the best candidate.

Examination of the evidence establishes that Charging Party was qualified for the Supervisor position and was not selected because of her race and because she filed a prior EEOC Charge of Discrimination. The Charging Party's background and experience exceeded that of the White female selected for the position. Based on the foregoing, I conclude there is reasonable cause to believe that Respondent violated Title VII of the Civil Rights Act of 1964, as amended.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practice by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of

this matter. The confidentiality provisions of Sections 706 and 709 of Title VII and the Commission Regulations apply to information obtained during conciliation

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practice by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

**The evidence of record does not establish that the Charging Party was denied a promotion to the position of Director due to her race, sex, or retaliation. If the Charging Party wishes to pursue the denial of the Director position in court at this time, she may request the Commission to issue a NOTICE OF RIGHT TO SUE. There is no requirement to do so; this information is provided as a reminder of the right to sue. Upon receipt of such a request, the Commission will evaluate the need to conciliate further at that time.**

If the Respondent wishes to accept this invitation to participate in conciliation efforts, you may do so by reviewing the enclosed agreement as presented or provide a counter proposal to the Commission representative within 14 days of the date of this determination. You may email your response to (251) 304-7924 to the attention of *Laneetra Harris, Federal Investigator*.

The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief. These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission Representative. Should there be no response from the Respondent within fourteen (14) days of the date of this determination, we may conclude that further conciliation efforts would be futile or nonproductive.

The Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

09-08-2020
Date

Erika LaCour
Erika LaCour
Local Office Director



**U.S. Department of Justice**

Civil Rights Division

PSK:KDW:KLF
DJ 170-3-128

*Employment Litigation Section – 4CON*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

March 15, 2021

Ms. Felice Howard
1145 Cameron Drive
Mobile, AL 36695

Re: Felice Howard v. Mobile County Public Schools
EEOC Charge No. 425-2019-01235

Dear Ms. Howard:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Erika LaCour, Director, EEOC, 63 S. Royal St., Ste. 504, Mobile, AL 36602.

Sincerely,

Pamela S. Karlan
Principal Deputy Assistant Attorney General
Civil Rights Division

By: *Karen D. Woodard*

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

cc: Mobile County Public Schools
EEOC, Mobile Local Office



**U.S. Department of Justice**

Civil Rights Division

DLK:KDW:KLF
DJ 170-3-128

*Employment Litigation Section – 4CON*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

Ms. Erika LaCour, Director
Equal Employment Opportunity Commission
Mobile Local Office
63 S. Royal Street, Ste. 504
Mobile, AL 36602

Re: Felice Howard v. Mobile County Public Schools
EEOC Charge No. 425-2019-01235

Dear Ms. LaCour:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).

We have forwarded the charging party a notice of right to sue, a copy of which is attached. This file was transmitted electronically, therefore, we are not returning files in this case to your office. The charging party has been informed of their availability.

Sincerely,

Delora L. Kennebrew
Chief
Employment Litigation Section

By: *Karen D. Woodard*

Karen D. Woodard
Principal Deputy Chief
Employment Litigation Section

Attachment