IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FELICE HOWARD,** )<br>    **Plaintiff,** )<br> ) | **CIVIL ACTION 1:21-00275-KD-B** |
| **v.** )<br> )<br>**MOBILE COUNTY PUBLIC SCHOOLS,** )<br>    **Defendant.** ) | |

**ORDER**

This matter is before the Court on *pro se* Plaintiff Felice Howard's motion to voluntarily dismiss this case. (Doc. 11). The motion indicates that the Plaintiff has conferred with the Defendant, which has no objection to the dismissal. Plaintiff does not indicate pursuant to which Federal Rules of Civil Procedure she seeks dismissal and/or whether she seeks such with or without prejudice.

Rule 41 of the Federal Rules of Civil Procedure governs dismissals. Rule 41(a) provides that in the absence of either a stipulation of dismissal signed by all parties or a notice of dismissal filed prior to a defendant's answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Here, the Defendant has filed an Answer. (Doc. 11). Defendant also did not join in Plaintiff's motion, via signature, such that it is not a stipulation of dismissal. As such, any dismissal based on Plaintiff's motion must be accomplished via Rule 41(a)(2), on terms the Court considers proper and with entry of a Court order:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. Rule 41(a)(2).

The decision whether to grant a plaintiff's voluntary dismissal pursuant to Rule 41(a)(2) falls within the Court's discretion. Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015). See also Pontenberg v. Boston

Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) ("A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)"). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Arias, 776 F.3d at 1268 (citing Pontenberg, 252 F.3d at 1255).  Additionally, the Eleventh Circuit has explained the purpose of Rule 41(a)(2) as follows:

> ... primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." ... We must consider the crucial question of whether "the defendant [would] lose any substantial right by the dismissal." .... But, ultimately, the determination of whether to grant such a dismissal falls within the sound discretion of the district court.... While the district court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants," ... the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

Arias, 776 F.3d at 1268–1269 (internal citations omitted). As such, Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004).

After consideration of the relevant factors,[1] a review of the record, the particular facts of this case, the interests of the defendant, and weighing the equities, the Court finds that dismissal of this action without prejudice is appropriate, particularly given the absence of any objection from the Defendant.

As such, it is **ORDERED** that Plaintiff Howard's Rule 41(a)(2) motion to dismiss this case is **GRANTED,** and this case is hereby **DISMISSED** without prejudice, with each party to bear her or its own costs, fees, and expenses.

**DONE** and **ORDERED** this the **2nd** day of **September 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE
CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Including the absence of bad faith, the length of time and amount of resources spent by the defendant, the absence of dilatory actions by the plaintiff, legal prejudice, etc. Potenberg, 252 F.3d at 1255-1256 and 1259.